1   F. TRAVIS BUCHANAN, ESQ., & ASSOCIATES, PLLC
    F. TRAVIS BUCHANAN, Esq.
2   Nevada Bar No. 9371
    701 East Bridger Ave., Suite 540
3   Las Vegas Nevada 89101
    Tel: (702) 331-5478
4   Fax: (702) 629-6919
    Attorneys for Plaintiff
5

```
┌──────────────────────────────────────────┐
│ ___ FILED              ___ RECEIVED       │
│ ___ ENTERED            ___ SERVED ON      │
│           COUNSEL/PARTIES OF RECORD       │
│         ┌────────────────────┐            │
│         │                    │            │
│         │    JUN 1 7 2019     │            │
│         │                    │            │
│         └────────────────────┘            │
│         CLERK US DISTRICT COURT           │
│          DISTRICT OF NEVADA               │
│ BY:_____               │
│                           DEPUTY          │
└──────────────────────────────────────────┘
```

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8

9   CHRISTOPHER HERNANDEZ,              )
                                        )
                                        )
10              Plaintiff,              )   CASE NO.:  2:19-CV-01032
                                        )
11      vs.                             )   COMPLAINT
                                        )
12  STATE OF NEVADA, DEPARTMENT OF      )   JURY IS DEMANDED
13  TRANSPORTATION, a Political Subdivision )
    of The State of Nevada; DOES I-X, inclusive, )
14  and ROE ENTITIES I-X, inclusive,   )
                                        )
15              Defendants.             )
                                        )
16  _____)

17                    **PLAINTIFF'S COMPLAINT**

18      Plaintiff CHRISTOPHER HERNANDEZ (hereinafter referred to as "Plaintiff" or "Mr.

19  Hernandez"), by and through his counsel, F. Travis Buchanan, Esq., of F. TRAVIS

20  BUCHANAN, ESQ., & ASSOCIATES, PLLC, for his Complaint against Defendants The

21  STATE OF NEVADA, DEPARTMENT OF TRANSPORTATION (hereinafter "Defendants" or

22  "State of Nevada" or "NDOT"), alleges and states as follows:

23

24

25

                                    1

**JURISDICTION AND VENUE**

1. This is an action under the American with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008) (codified as amended in sections of 42 U.S.C.), and NRS 613.330 and other Nevada state statutes prohibiting discrimination and/or retaliation by employers, against employees who file workers compensation claims when they are injured while working.

2. Plaintiff alleges that the Defendant NDOT violated the ADA, as amended, and NRS 613.330 by terminating Plaintiff because it regarded him as disabled due to the serious injuries he sustained during an accident, that occurred while he was working on January 9, 2019, and because of his subsequent placement on light duty status.

3. Plaintiff further alleges that Defendant NDOT violated Nevada state law when it wrongfully terminated him because he filed a claim for Workers' Compensation benefits, and because he was placed on light duty status for several weeks due to the serious nature of his January 9, 2019, workplace injuries.

4. The employment practices alleged to be unlawful in this matter, were committed within the jurisdiction of the United States District Court, District of Nevada.

5. This action also includes claims arising out of Nevada's anti-discrimination statutes, Including, N.R.S. Section 613.310 and 613.330 *et seq.,* and Nevada's laws that prohibit discrimination and/or retaliation against employee's who file Workers' Compensation claims, and such claims are joined herein pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. § 1367(a). Plaintiff asserts he was discriminated against, harassed, treated differently

from other employees in a discriminatory manner, subjected to a hostile work environment, and ultimately terminated due to his perceived disability, his filing a Workers' Compensation claim, and his placement on light duty status for an extended period of time.

6.  Jurisdiction in this case is also proper pursuant to N.R.S. Section 14.065.

7.  Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b), because Defendant NDOT is a statewide entity that resides and/or operates in this judicial district, and within its unofficial Southern Judicial District, and all relevant events giving rise to the claims stated herein occurred in this judicial district.

8.  Plaintiff filed his Charge of Discrimination with the U.S. Equal Opportunity Commission ("EEOC") and was issued a "Right to Sue" letter by such agency, a copy of such letter is attached hereto as **Exhibit "1,"** and dated March 18, 2019. This Complaint has been timely filed, and therefore, the Plaintiff has fulfilled all jurisdictional prerequisites to filing the instant lawsuit.

## PARTIES

9.  Plaintiff, at all times relevant to this Complaint, is, and at all times has been a resident of the State of Nevada, County of Clark County.

10. Defendant State of Nevada/NDOT and all other Defendants, when referred to together, will collectively be referred to as ("Defendants"). The State of Nevada/NDOT is an employer within the meaning of the ADA, as amended, and NRS 613.330.  Defendants were engaged in an industry affecting commerce, or in the production of goods for commerce. The State of Nevada/NDOT as a Political Subdivision of the State of Nevada, and its employees are properly

authorized to do business in Clark County, Nevada, and the unlawful employment practices, and deprivation of rights alleged hereunder were committed within the State of Nevada.

11. DOES I through X, inclusive, ("DOES I-X") and ROE CORPORATIONS, I through X, ("ROE CORPORATIONS I-X") inclusive, are persons, corporations or entities who are or may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants or who may be individual officers, employees or agents of the named Defendant. The true identities of the DOES, I-X, and ROE ENTITIES I-X are unknown to Plaintiff currently. Plaintiff therefore alleges that DOES I-X and ROE ENTITIES I-X, are and/or may be responsible in part for the damages or injuries suffered by Plaintiff as a result of their wrongful actions and/or those of their agents and/or employees. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOES I-X and ROE ENTITIES, inclusive, are revealed to Plaintiff.

12. At all times relevant hereto, Plaintiff was employed by The State of Nevada/NDOT, as a Highway Maintenance Worker IV in Clark County, Nevada.

13. At all times relevant hereto, all Defendants were jointly and severally liable and responsible for the Plaintiffs' herein complained of injuries and were jointly and severally liable and the direct and proximate cause of the aforesaid complained of injuries.

## GENERAL ALLEGATIONS

I. **INTRODUCTION**

14. On or about July 30, 2018, Plaintiff was hired by The State of Nevada/NDOT as a Highway Maintenance Worker IV., wherein he was certified by NDOT to operate a variety of complex or specialized highway and maintenance equipment in order to maintain the integrity of roadway surfaces; maintain roadside slopes, shoulders, culverts and ditches to restore drainage

and prevent erosion; and repair or replace related roadway appurtenances, such as guardrails, markers, guide posts and fences.

15. In his position, Plaintiff also acted as lead person of a roadway crew, and assumed all supervisory responsibilities of his supervisor, upon his supervisor's absence. Plaintiff was also responsible for installation and repair of road signs, roadside maintenance, summer betterment projects, and responding to emergency situations from traffic control for all incidents, both natural and man-made, to removing debris in the travel lanes or similar unplanned events that would require an immediate response, in order to protect the public.

16. On January 9, 2019, Plaintiff, while working on Interstate 15 in Las Vegas, was involved in a multi-vehicle accident that occurred after a vehicle failed to maintain its lane, stuck a vehicle in an adjacent lane, pushed such vehicle into another vehicle, which eventually caused the subject vehicle to strike the vehicle Plaintiff was in while Plaintiff was doing shoulder work in the #4 lane on the Interstate. The force of the collision caused the vehicle Plaintiff was in to rotate counterclockwise, then strike another vehicle. The driver of the vehicle that failed to maintain its lane, fled the scene and Plaintiff sustained serious injuries which resulted in his being transported via EMT to the hospital.

17. As a result of his injuries, all of which progressively worsened over time, Plaintiff filed a Workers' Compensation claim and shortly after doing so, upon his return to work, he was placed on Light Duty status, commencing on January 15, 2019.

18. For several weeks following his return to work on Light Duty status, Plaintiff's Supervisor had him sit in a crew room all day, wherein he was tasked with reading the same NDOT workplace manuals over and over. During this time, his Supervisors and co-workers became hostile towards him and would subject him to ridicule and refer to him as being "useless" because he was on Light Duty status.

19. On or about February 14, 2019, Plaintiff, after repeatedly being subjected to ridicule and referred to as "useless," after having been on Light Duty status, and after having filed his

5

Workers' Compensation claim, Plaintiff was terminated from his employment with NDOT.

## FIRST CAUSE OF ACTION

### (Disability Discrimination under the Americans with Disabilities Act)

20. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 19, set forth above.

21. Defendant NDOT, by and through its management employees and Plaintiff's co-workers, discriminated against Plaintiff on the basis of his perceived disability, by among other things, subjecting him to ridicule, referring to him as being "useless," and then terminating him after he was placed on Light Duty status and he was forced to sit at a desk, wherein he was made to repeatedly read the same NDOT workplace manuals over and over, by his supervisors after he was injured from a serious multi-vehicle accident while working.

22. The foregoing conduct constituted illegal discrimination prohibited by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.,* as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), and are a direct and proximate cause of substantial financial damages to Plaintiff, including but not limited to compensatory damages for lost earnings, loss of happiness, loss of opportunities, loss of reputation and loss of prestige. As such, Defendants are directly and proximately responsible for Plaintiff's damages in an amount to be proven at trial.

23. As a further direct and proximate result of the unlawful discrimination, it has been necessary for Plaintiff to retain the services of counsel to represent him in the above-entitled matter, and he should be awarded reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

### (NRS 613.330 Disability Discrimination)

6

24. Plaintiff repleads, realleges, and incorporates herein by reference each and every allegation contained above as if fully set forth herein.

25. Defendant NDOT, in their above alleged conduct have in addition to discriminating against Plaintiff due to his perceived disability, have also perpetuated a hostile work environment harming Plaintiff based upon his perceived disability and have unlawfully singled him out for discriminatory conduct in violation of NRS 613.330, *et seq.,*, including but not limited to discharging and/or discriminating against him with respect to his terms, conditions, or privileges of employment on the basis of his perceived disability.

26. As a result of Defendant NDOT's unlawful conduct, Plaintiff has suffered and will continue to suffer loss of past income and employee benefits, mental anguish, emotional distress, embarrassment and other damages. Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

27. As such, Defendants are directly and proximately responsible for Plaintiff's damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (Wrongful Termination/Retaliation for Filing Worker's Compensation Claim)

28. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 set forth above.

29. Defendant NDOT, by and through its management employees, has retaliated against Plaintiff by singling him out for unwarranted disciplinary action, filing an unjustified poor evaluation or review of his work, referring and allowing Plaintiff's supervisors and co-workers to refer to him as being "useless," and other adverse treatment, all eventually leading up to his

7

termination, because he had previously filed a Worker's Compensation claim, due to the serious injuries he sustained during his accident on January 9, 2019.

30. As a result of Defendant NDOT's unlawful conduct, Plaintiff was terminated for a reason that violates an established public policy of Nevada, and has suffered and will continue to suffer loss of past income and employee benefits, mental anguish, emotional distress, embarrassment and other damages. Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

31. As such, Defendants are directly and proximately responsible for Plaintiff's damages in an amount to be proven at trial.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS AS FOLLOWS:

1. For a trial by jury on appropriate issues;
2. For all employment-related losses subject to proof;
3. For compensation for all expenses incurred to remedy the pain and suffering that was the direct and proximate result of Defendants above-mentioned actions.
4. For compensatory damages in a sum or value to be proven at trial.
5. For prejudgment interest;
6. For reasonable attorney's fees and all costs incurred by Mr. Batiste herein; and
7. For such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the United States Constitution, and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

///

///

///

8

DATED this 17th day of June 2019


By: /s/ F. Travis Buchanan, Esq.
**F. TRAVIS BUCHANAN, ESQ.**
Nevada Bar No. 9371
701 EAST BRIDGER AVE. SUITE 540
Las Vegas, Nevada 89101
Attorneys for Plaintiff

9

# EXHIBIT - "1"

# EXHIBIT - "1"

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Chris Hernandez
2405 Charmed Oasis Ct
North Las Vegas, NV 89032

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite 5560
Las Vegas, NV 89101

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 487-2019-00722 | Brian Gorecki, Investigator | (702) 388-5099 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Wendy K. Martin,
Local Office Director

MAR 1 8 2019

(Date Mailed)

Enclosures(s)

cc:   NEVADA DEPARTMENT OF TRANSPORTATION
Attn: HR Director/Manager
123 E. Washington Ave.
Las Vegas, NV 89125

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 487-2019-00722 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Chris Hernandez | (323) 791-9198 | 1998 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2405 Charmed Oasis Ct., North Las Vegas, NV 89032 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NEVADA DEPARTMENT OF TRANSPORTATION | 500 or More | (702) 385-6500 |

| Street Address | City, State and ZIP Code |
|---|---|
| 123 E. Washington Ave., Las Vegas, NV 89125 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-15-2019   Latest: 02-14-2019

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about July 30, 2018, I was hired by NEVADA DEPARTMENT OF TRANSPORTATION as a Highway Maintenance Worker IV. My last position with the state was a Highway Maintenance Worker IV. On or about January 15, 2019, I informed my managers regarding my medical condition and need for a reasonable accommodation. Subsequently, on or about February 14, 2019, I was discharged. I believe I was discriminated against because of my disability, and retaliated against for engaging in a protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X 03/12/19     X [signature]<br>Date          Charging Party Signature | MAR 14 2019<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>EEOC / LVLO |